14

**In re LEHRENKRAUSS CORPORATION.**
**No. 26428.**

District Court, E. D. New York.
March 8, 1935.

Geis, Forman & Schulze and James B. Emerick, all of Brooklyn, N. Y., for petitioners.

Strongin & Hertz, of Brooklyn, N. Y., and David B. Tolins, of New York City, for receivers in equity of Lehrenkrauss Corporation.

BYERS, District Judge.

This is a motion made by those who have filed a petition and supplemental petition under section 77B of the Bankruptcy Act (11 USCA § 207), for an order approving the same.

The original petition was filed on June 11, 1934, by a reorganization committee representing numerous persons who had purchased preferred stock of Lehrenkrauss Corporation. A supplemental petition was filed August 23, 1924.

An answer was filed October 29, 1934, on behalf of the corporation, denying formally many of the allegations in the petition, and submitting the issues to the court.

By stipulation of November 8, 1934, the answer was withdrawn conditionally, and the hearing upon the petition was indefinitely adjourned pending the filing of a plan as contemplated by section 77B.

Then this motion was noticed for February 5, 1935, and on that day the plan was filed, for the information of the court.

This practice was expedient because the corporation has been in equity receivership since December 7, 1933, and the purpose of this proceeding is to terminate that receivership. Manifestly the court was entitled to know why that result was deemed desirable.

The preferred stock issued and outstanding has a par value of $1,612,300.00 and consists of 16,123 shares.

The common stock is the property of the trustees in bankruptcy of J. Lehrenkrauss & Sons, a partnership, and has no present actual value.

The holders of preferred stock became such because they were beguiled into paying money, or property in the form of mortgages and mortgage certificates, for stock in this enterprise, under circumstances which have been presented to this court at a recent criminal term with results that need not now be recited.

Those stockholders, many of whom assert that they are in a position to rescind their contracts of purchase and recover back the mortgages and certificates constituting the consideration with which they parted in exchange for their stock, believe, or have been led to hope, that they can rehabilitate the corporate enterprise under a so-called reorganization.

That is the purpose proclaimed in the plan.

It is no part of the duty of the court, in passing upon the filing of the petition, to

consider whether the plan is feasible, or holds any promise of benefit, proximate or remote, to those who parted with their money or property in exchange for the preferred stock.. The only question which is presented is whether these stockholders are sufficiently identified, under section 77B, 11 USCA § 207, as creditors, having "provable claims against" the "corporation which amount in the aggregate in excess of the value of securities held by them, if any, to $1,000 or over, * * *" to enable them to file the petition, because the corporation itself has neither filed the petition, nor an answer having the effect of a petition, under this section.

The supplemental petition recites that those joining in it (more than three), under powers of attorney annexed thereto, are preferred stockholders, who paid (as part of their subscriptions) for accrued dividends at the rate of 6% per annum from June 1, 1933, to the respective dates of subscription, the earliest of which was September 12, 1933, and the latest of which was November 13, 1933. They paid these sums, upon the virtual promise of refund on December 1, 1933, which was the next dividend date.

No such dividend was declared or paid.

Whether such claims may be regarded as having a contractual basis need not be determined, for the law provides (paragraph b, subd. 10, 11 USCA § 207 (b) (10): "The term 'creditors' shall include for all purposes of this section and of the reorganization plan, its acceptance and confirmation, all holders of claims of whatever character against the debtor or its property, including claims under executory contracts, whether or not such claims would otherwise constitute provable claims under this Act [title]."

It would be most unjust to reason that persons who parted with their money, relying upon a promise of a reimbursing dividend represented in effect to be the equivalent of the accrued interest on a coupon attached to a bond which is purchased between interest dates, should be held to any technical proof touching the corporate capacity to make the contract. Certainly the money they paid was dishonestly exacted of them, and, if their claim is not good in contract, it should be in tort.

■ In any case, it is thought that their status as creditors is entitled to prima facie recognition for the purpose of filing the petition, and that the nature and extent of their claims can conveniently await examination under the appropriate provisions of the law.

The broader question of the status of all who claim the right to rescind their respective purchases of preferred stock is expressly reserved, and is in no wise to be influenced by the legal approval of the filing of the petition.

■ The latter document prays that the same gentlemen who are the receivers in equity be continued in their possession and control of the assets, or that they be appointed temporary trustees. The former they cannot be, for the equity receivership will have to terminate, because these stockholders so desire, and the receivers will have to account as such.

The trustees under subdivision (c) of section 77B, 11 USCA § 207 (c), will be Mr. John J. Curtin and Mr. Robert H. Wilson, Jr., under a joint bond in the same amount as they have given as equity receivers.

An order may be submitted, approving the petition, and embodying appropriate provisions touching all matters of administration by the said trustees. The order should be prepared by the trustees or their counsel, and settled on notice to the attorneys for the petitioners herein, if not approved as to form by them.